IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| DIEGO MUGICA | § | CASE NO: 06-70038 |
|     Debtor(s) | § | |
| | § | CHAPTER  7 |
| | § | |
| DIEGO MUGICA, *et al* | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 06-7008 |
| | § | |
| HELENA CHEMICAL COMPANY, *et al* | § | |
|     Defendant(s) | § | |

### MEMORANDUM OPINION

On October 31, 2003, Diego and Sylvia Mugica[1] filed a complaint in the District Court of Hidalgo County, Texas, against multiple defendants, both diverse and non-diverse, asserting claims of negligence, trespass, nuisance and nuisance per se, gross negligence and malice, intentional infliction of emotional distress and strict liability.  The claims were related to the alleged contamination of the Mugica's property.  Mr. and Mrs. Mugica allege that, as land developers, they purchased land in July 2001, which only later was found to be contaminated and under investigation by various environmental agencies.

---

[1] Since filing the state court complaint, but prior to Debtor's bankruptcy, Diego and Sylvia Mugica divorced.  The lawsuit forming the basis of this adversary proceeding was not mentioned in the divorce decree.  The divorce decree, however, did state that "any assets of the parties not awarded or divided by this Final Decree of Divorce are subject to future division as provided in the Texas Family Code."  (docket 16, exhibit 1).  The Texas Family Code provides that either former spouse may file a suit to divide property not divided in a final decree of divorce.  TEX. FAM. CODE § 9.201.  To this Court's knowledge, neither party has filed suit to determine the extent of ownership over these claims.  A hearing was held before this Court on May 15, 2006.  At that hearing the Court recognized that under Texas law, Mr. and Mrs. Mugica would now be tenants in common with respect to the lawsuit.  *See* 39 ALOYSIUS A. LOEPOLD & GERRY W. BEYER, TEX. PRAC., MARITAL PROPERTY & HOMESTEADS § 20.20 (citing *Bushby v. Bushby*, 457 S.W. 2d 51, 554 (Tex. 1970)) (A "court's failure to divide all of the community assets and liabilities upon divorce results in the parties becoming tenants in common with respect to the undivided property.").  As tenants in common, each cotenant owns a separate share of undivided property with each person having an equal right to possess the whole property.  *See e.g. Cecola v. Ruley*, 12 S.W.3d 848 (Tex. App.-Texarkana 2000, no. pet. h.).

1

On January 31, 2006, Diego Mugica ("Debtor") filed a chapter 7 bankruptcy petition. Helena Chemical ("Defendant") removed the state court proceeding to this Court on February 21, 2006. On March 3, 2006, Sylvia Mugica[2] timely filed a motion for mandatory abstention and to remand under 28 U.S.C. §§ 1334(c) and 1452(b). Mrs. Mugica asserted that this suit is based on state law claims and should, therefore, proceed in state court. On March 16, 2006, this proceeding was abated. The Trustee filed a motion to intervene and a designation of real party in interest on July 19, 2006. The Court granted the motion. The Trustee and Sylvia Mugica will collectively be referred to as "Plaintiffs."

During the course of the abatement, all defendants were either dismissed or settled except for Helena Chemical ("Defendant"). Defendant is a diverse party. On October 11, 2006, Defendant filed a motion for withdrawal of reference asserting that this proceeding should not be remanded to state court. Specifically, Defendant asserts that remand is not necessary if a separate basis for federal jurisdiction, apart from 28 U.S.C. § 1334, exists. Defendant asserts that the "separate basis" is the newly created diversity jurisdiction. Accordingly, Defendant argues that regardless of jurisdiction created by § 1334, federal courts now have jurisdiction under 28 U.S.C. § 1332.

The issues raised by the parties require an analysis of 28 U.S.C. § 1334(a)(b) which grants subject matter jurisdiction of cases involving title 11 to the district courts, 28 U.S.C. § 157 which allows district courts to transfer matters to the bankruptcy courts, 28 U.S.C. §§ 1334(c) and 1452(b) which addresses abstention of district courts when claims are based on state law, and 28 U.S.C. § 1446(b) which dictates the procedures and limitations for removal based on diversity jurisdiction.

---

[2] Defendant filed an objection to the motion to abstain asserting that Debtor only owned an interest in the action and, therefore, Mrs. Mugica's motion should be dismissed for lack of standing. A hearing was held on May 15, 2006. At that hearing, the Court found that Mrs. Mugica had standing to file a motion to abstain. *See* note 1.

If the suit presently before the Court is "core" as defined under 28 U.S.C. § 157, the Court will likely retain the proceeding. A determination of "core" status generally implicates a significant probability of an effect on the bankruptcy estate. However, if the suit is not core and is merely "related to" title 11, this Court must determine whether under 28 U.S.C. §§ 1334(c) and 1452(b) state law issues either mandate or equitably demand abstention and remand. Regardless of whether the Court finds that state law issues do require abstention and remand, consideration must be given to Defendant's assertion that this matter should be heard by courts of the United States because of the newly created diversity jurisdiction. Finally, if the Court finds this proceeding should be retained by federal courts, the Court must determine whether it is proper to submit a recommendation for withdrawal of reference to the district court.

*1. Subject Matter Jurisdiction of Bankruptcy Courts: Core v. Non-Core*

Congress conferred authority to bankruptcy judges through two sections of title 28 of the United States Code: (1) § 1334 which grants subject matter jurisdiction in cases under or related to title 11 to the district courts; and (2) § 157 which allows district courts to transfer cases under title 11 or related to cases under title 11 to bankruptcy courts. 28 U.S.C. § 1334(a); 28 U.S.C § 157(a).

Under § 1334(a) district courts have original and exclusive jurisdiction in cases brought under title 11. 28 U.S.C. § 1334(a). District courts also have "original but not exclusive jurisdiction of all civil proceedings *arising under* title 11, or *arising in or related to* cases under title 11." 28 U.S.C. § 1334(b) (emphasis added). Because "arising in a case under" and "related to a case under" title 11 are considered to "operate conjunctively to define the scope of jurisdiction," the Court need only consider the scope of "related to." *Wood v. Wood*, 825 F.2d 90, 93 (5th Cir. 1987).

The Supreme Court has noted "related to" bankruptcy proceedings include "(1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." *Arnold v. Garlock*, 278 F.3d 426, 434 (5th Cir. 2001) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.5 (1995)). The Fifth Circuit has stated that a matter is related to a case under title 11 if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Wood*, 825 F.2d at 93 (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)). Even when there is a possibility a suit may ultimately have no effect on the estate, this possibility is not enough to conclude there would be no *conceivable* effect. *Id*. "Certainty or even likelihood of such an effect is not a requirement." *Arnold*, 278 F.3d at 434 (citing *In re Canion*, 196 F.3d 579, 858 (5th Cir. 1999). The "plaintiffs' claims, however, must affect the estate, not just the debtor." *Wood*, 825 F.2d at 93 (citing *In re Cemetery Dev. Corp.*, 59 B.R. 115, 121 & n.13 (Bankr. M.D. La. 1986)).

Once the court has determined a suit is "related to" title 11, subject matter jurisdiction vests with the district courts. Bankruptcy judges then have authority by reference under 28 U.S.C. § 157.

Section 157 states that each district court may provide that "proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges." 28 U.S.C. § 157(a). Bankruptcy judges may "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgments." 28 U.S.C. § 157(b).

When evaluating core versus non-core, the Court is much more limited to looking at the direct effect on the estate than it is in evaluating "related-to."  The statute provides a

nonexclusive list of sixteen matters considered "core." 28 U.S.C. § 157(b)(2)(A) - (P). The Fifth Circuit has held a "proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Wood* 825 F.2d. at 97. However, if the "related to" jurisdiction arises based entirely on State law, 1334(c)(2), requires, upon motion by a party, mandatory abstention by the district courts. 28 U.S.C. § 1334(c)(2).

Under the sixteen matters considered "core," as listed in § 157(b)(2), there is only one possibly applicable provisions to the current proceeding: § 157(b)(2)(O).

Section 157(b)(2)(O) states a core proceeding includes, "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." 28 U.S.C. § 157(b)(2)(O). While this provision may appear to be broadly-worded, this Court will follow the Fifth Circuit and give it a narrow interpretation. *See Wood*, 825 F.2d at 95 (declining to give a broad reading to § 157(b)(2)(O) stating "otherwise, the entire range of proceedings under bankruptcy jurisdiction would fall within the scope of core proceedings, a result contrary to the ostensible purpose of the 1984 act.").

If Debtor were to recover in this proceeding, such recovery could "conceivably" affect the estate. This proceeding is clearly "related-to" a suit under title 11. Any funds paid may become part of the bankruptcy estate and become available for distribution to creditors. Indeed, this suit is listed on Debtor's schedule B as personal property. However, the Fifth Circuit in *Wood* made it abundantly clear that as to determining core status, "other proceedings" as stated in § 157(b)(2)(O) should be narrowly interpreted. *Id*. The root of a determination of core status is how closely the proceeding links with bankruptcy specific issues. The Fifth Circuit in *Wood*

instructed courts that "in determining the nature of a proceeding for purposes of determining core status, the court must look to both the form and the substance of the proceeding." *Id.* at 97. The form of this adversary proceeding does not invoke the special powers of bankruptcy or raise any primary issues in bankruptcy. The substance of the suit is based entirely on state law. While a final judgment in Debtor's favor may create additional funds for the estate, this suit involves neither a right particular to bankruptcy nor does it arise strictly in a bankruptcy context. Accordingly, the Court finds this suit does not constitute a core proceeding.

As a non-core proceeding, the Court must determine if state law issues require abstention and remand, as requested by Plaintiffs. However, prior to making such a determination, the Court will first address Defendant's argument that diversity jurisdiction exists. Defendant asserts that regardless of the possibility of any dominating state law issues, because the non-diverse parties have settled, diversity jurisdiction now permits Defendant to have this proceeding heard by the federal courts.

*2. Diversity Jurisdiction*

Defendants may "remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88 (2005); 28 U.S.C. § 1332. However, there are limits on this removal. Under 28 U.S.C. § 1446(b), if the case stated in the initial pleading is not removable, notice of removal must be filed, generally, within 30 days after defendant receives notice that the case is one that has become removable. 28 U.S.C. § 1446(b). Further, the statute explicitly states that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." *Id.*

The statue plainly holds that a "defendant may not remove the case based on diversity jurisdiction if more than one year has passed since the 'commencement' of the action." *Perez v. Lancer Ins. Co.*, No. C-06-388, 2006 WL 2850065, *2 (S.D. Tex. Oct. 4, 2006) (citing *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 389 (5th Cir. 2000)). Most courts addressing whether a party is within the one year limit are making a determination of when the action was "commenced." In Texas, as in the federal system, "a civil action 'commences' when a plaintiff files his or her initial petition in office of the state court clerk." *Id.* (citing Tex. R. Civ. P. 22; *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000)).

This state court action was filed on October 31, 2003. The Court finds it was on this date this action was commenced. Defendant filed its notice of removal in this Court on February 21, 2006. On October 11, 2006, Defendant filed its motion to withdraw the reference in which it first asserted that regardless of Plaintiffs' request for remand, based on the diversity of the parties, the federal courts should retain jurisdiction over this proceeding.

Defendant filed its second amended response to Plaintiffs' motion to remand on October 26, 2006, in which it asserted that based on the plain meaning of the statute, the one year limit on removal only applies to cases originally removed on the basis of diversity jurisdiction. Because this case was originally removed under § 1334, Defendant asserts the one year limit on removal in § 1446(b) does not apply.

The policy behind § 1446(b) is that "Congress found '[r]emoval late in the proceedings may result in substantial delay and disruption of a case, and, [therefore], enacted the one-year limit as 'a means of reducing the opportunity for removal after substantial progress has been made in state court.'" *Perez*, 2006 WL 2850065, at *4 (citing *New York Life Ins. Co.*, 142 F.3d at 886)). On its face, this policy appears to lend support to Defendant's assertion that the one year

7

limit should not apply in this specific instance. Congress' goal was to avoid disruption in pending judicial proceedings. This proceeding was clearly disrupted by the filing of Mr. Mugica's bankruptcy petition.

When a party files bankruptcy, suits involving claims relating to the bankruptcy may be removed to the bankruptcy court. *See. e.g. Khan v. Hakim*, No. 04-11426, 2006 WL 2870969, at *1 (5th Cir. Oct. 9, 2006). However, once before the bankruptcy court, Congress has provided multiple avenues for a party to have the proceeding remanded to state court. Parties may petition for mandatory abstention under 28 U.S.C. § 1334(c)(2), permissive abstention under 28 U.S.C. § 1334(c)(1), or equitable remand under 28 U.S.C. § 1452(b).

The legislative history of §§ 1334(c)(1),[3] (2)[4] clearly illustrate that when adjudication in state court would not interfere with the efficient administration of the bankruptcy estate,

---

[3] Legislative history as to 28 U.S.C. § 1334(c)(1) is quite sparse. However, courts have looked to § 1334(c)(1)'s predecessor, § 1471(d). *See e.g. In re Hospitality Ventures/Lavist*, 314 B.R. 843, 850-51 (Bankr. N.D. Ga. 2004) (The permissive abstention provisions of former § 1471(d) were largely restated in the 1984 amendments that enacted § 1334(c)(1), resulting in limited discussion of permissive abstention, but the fundamental premise that abstention is based on the availability of a nonbankruptcy forum is readily apparent. S.Rep. No. 98-55, at 17-18 (1983)). "The legislative history of § 1471(d) states: [The statute] recognizes the exigencies that arise in [] cases . . . in which it is more appropriate to have a State court hear a particular matter of State law." *In re Hospitality Ventures/Lavist*, at 850.

[4] As to 28 U.S.C. § 1334(c)(2), see *Stoe v. Flaherty*, 436 F.3d 209, 214 n.1 (3rd Cir. 2006) citing the following: 130 Cong. Rec. 13063, 13066-67 (1984) (statement of Sen. Hatch) (supporting Senate bill's broader abstention provision and noting that "for reasons dictated by sound constitutional policy as well as judicial economy and procedural fairness to claimants, this bill contains a requirement that a Federal district court involved in a bankruptcy matter honor the request of a party to that proceeding to have wholly State law issues resolved in State courts")130 Cong. Rec. 17152 (statement of Sen. Heflin) (supporting broad abstention to give effect to right of litigant to state forum); 130 Cong. Rec. 17154 (statement of Sen. DeConcini) (arguing that proposed narrower abstention provision "reflect[s] a balance between the need for an effective and efficient bankruptcy court system ⋯ and the concerns of those who find themselves involuntarily involved in a bankruptcy proceeding"); 130 Cong. Rec. 17157 (statement of Sen. Dole) ("[C]omity between Federal and State courts depends upon the mutual respect that each of those divisions of the national judiciary has for the jurisdiction of the other. At the same time, however, I believe that it is equally essential that a bankruptcy court-or district court hearing a bankruptcy proceeding-have the ability to expeditiously dispose of all claims that may be pressed by or against a debtor."); *see also* Susan Block-Lieb, *Permissive Bankruptcy Abstention,* 76 Wash. U. L.Q. 781, 809-13 (1998) (reviewing legislative history); 2 *Thomas D. Crandall, et al., The Law of Debtors and Creditors* § 11.9 at 11-26 (rev. ed. 2005) ("Section 1334(c)(2) also represents a broader 'state's rights' concern for deference to and respect for state courts (as well as opposition to 'encroaching federalism'), to the extent that such deference can be made consistent with orderly and timely bankruptcy administration."). This legislative intent affords no basis for distinguishing between removed cases and those cases brought originally in federal court. *Stoe v. Flaherty*, 436 F.3d 209, 214 (3rd Cir. 2006).

Congress intends for courts to respect the preference of litigants. In addition, courts have found that it appears "Congress was interested in 'speeding up' the effect of a remand decision" by precluding appellate review of remand orders. *Terral v. SCH Mgmt. Sys.*, 2004 WL 2115486, at *6 (E.D. La. Sept. 21, 2004) (citing *In re Federal-Mogul Global, Inc.*, 300 F.3d 368, 389 (3rd Cir. 2002) (quoting 136 CONG. REC. 36,290 (1990) (statement of Sen. Grassley))); 28 U.S.C. § 1452(b) (a bankruptcy court's decision remanding a claim or a decision not to remand "is not reviewable by appeal. . ."). It is evident that Congress intends that parties have the ability to obtain remand of a proceeding to state court if claims would be better litigated there.

Defendant now attempts to circumvent Plaintiffs' ability to remand by asserting that diversity jurisdiction, newly created by the non-diverse parties' settlements, dictates that this proceeding be heard by the federal courts. For Defendant to now assert jurisdiction based on diverse parties, over three years since this proceeding was commenced, Defendant must support its argument as to why the one-year limit on removal under § 1446(b) does not apply. In support of its proposition, Defendant cites *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873 (5th Cir. 1998). Defendant claims the Fifth Circuit in *New York Life* applied the one-year limit narrowly in finding the limit applies *only* to cases which are not initially removable, but which later become removable on the basis of diversity jurisdiction.

The Court rejects Defendant's reliance on *New York Life*. The Court in *New York Life* was faced with the question of whether § 1446(b) "applies only to those state court cases that are not initially removable or to all diversity cases that a defendant seeks to remove" whether initially removable or not.[5] *New York Life Ins. Co.*, 142 F.3d at 885. In this context, the Court

---

[5] The Fifth Circuit compared cases where a plaintiff filed a claim meeting the prerequisites for diversity jurisdiction and then failed to serve it until after one year had passed, therefore depriving a defendant the opportunity to remove. *New York Life Ins. Co.*, 142 F.3d at 885 (comparing *Rezendes v. Dow Corning Corp.,* 717 F. Supp. 1435, 1438-39 (E.D.Cal.1989) (one-year limit is an absolute bar to removal of all diversity cases), *with, e.g., Breese v. Hadson*

9

held that § 1446(b) applied only to cases which were not initially removable. The Court was not faced with intervening events, such as the filing of a bankruptcy petition mandating removal to the bankruptcy court under § 1334. The Court reached a narrow holding on a narrow issue: whether the one year limitation in § 1446(b) applied to cases which may have been initially removable.

The Court in *New York Life* found that the one-year time limit was enacted to "address[ ] problems that arise from a change of parties as an action progresses toward trial in state court, such as when the elimination of parties may create for the first time a party alignment that supports diversity jurisdiction." *New York Life Ins. Co.* 142 F.3d at 886 (citing H.R.Rep. No. 100-889 (1988)).[6] This is precisely the issue presently before the Court. Over three years after this proceeding was originally commenced, non-diverse parties' settlements have now created diversity jurisdiction.

This proceeding had been pending for over two years in state court before it was removed to this Court. The Court will not accept the principle, advanced by Defendant, that Congress could intend that a party finding itself subject to federal jurisdiction under § 1334, having a colorable basis for remand, lose the protection of the one-year limit on an assertion of diversity jurisdiction. Congress' intent, as codified in 28 U.S.C. §§ 1332, 1334, & 1452, has been to encourage the efficient administration of judicial proceedings while maintaining respect for the plaintiff's choice of forum. In *New York Life*, the Fifth Circuit explicitly recognized that the one-year limit was enacted to address problems such as the one currently before this Court. *Id.* When

---

*Petroleum, Inc.,* 947 F.Supp. 242, 243-44 (M.D.La.1996) (one-year limit applies only to cases that are not initially removable), *and, e.g., Kinabrew v. Emco-Wheaton, Inc.,* 936 F.Supp. 351, 353 (M.D.La.1996) (one-year limit applies to all diversity actions with exceptions as equity demands)).

[6] The Supreme Court recognized the one year limitation in *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 75 (1996) by stating that "[o]nly by removing prematurely was [Defendant] able to get the federal court inside the one-year limitation set in § 1446(b). Had [Defendant] waited until the case was ripe for removal, *i.e.*, until [a non-diverse Defendant] was dismissed as a defendant, the one-year limitation would have barred the way, and plaintiff's choice of forum would have been preserved." *Id.* (footnotes omitted).

this action was commenced, the parties were non-diverse. More than one year had passed before the parties became sufficiently diverse to invoke diversity jurisdiction. The Court rejects Defendant's assertion that it may now retain federal jurisdiction based on diversity jurisdiction.

*3. Mandatory Abstention:*

Plaintiffs have requested that this Court abstain from hearing this proceeding and remand to state court. First, Plaintiffs argue that mandatory abstention applies pursuant to § 1334(c)(2). Section 1334(c)(2) provides that:

> [u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

*Id.* The Eastern District of Louisiana has parsed this statute into a four part test for determining when a district court must abstain from hearing state law claims: "(1) the claims have no independent basis for federal jurisdiction other than § 1334(b); (2) the claims are non-core; (3) an action has been commenced in state court; and (4) the action can be timely adjudicated in state court." *Patterson v. Morris*, 337 B.R. 82, 92 (E.D. La. 2006) (citing *In re Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir. 1997)); *See In re Terra*, 100 F.3d 1195, 1206 (5th Cir. 1996).

Initially, the Court recognizes that Sylvia Mugica filed a timely motion to abstain.[7] This suit was removed from state court on February 21, 2006. Sylvia Mugica filed her motion to abstain on March 3, 2006. The Court finds the filing to be timely.

---

[7] Although there is some confusion over whether Debtor joined in the motion to abstain, the Court finds that § 1334(c)(2) only requires "a" party to filed a motion to abstain to invoke mandatory abstention. Therefore, for purposes of this analysis it is irrelevant whether Debtor joined in this motion. *See Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992) (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241-242 (1989) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

11

As to the four factors stated above, the Court has already established that the claims have no independent basis for federal jurisdiction other than § 1334(b) and that this suit is non-core. Additionally, this Court recognizes that this proceeding was initially filed in state court. The only fact in dispute is whether this proceeding could be timely adjudicated in state court.

Defendant asserts that a trial in Hidalgo County will not commenced any sooner than 12 months from the date of remand. Plaintiffs assert they will be able to reach trial faster in state court than in federal court. Further, Plaintiffs assert they need not show the matter can be more timely adjudicated in state court only that the matter can be timely adjudicated in state court. The Court agrees. *J.T. Thorpe Co. v. American Motorists*, No. Civ.A. H-02-4598, 2003 WL 23323005, *3 (S.D. Tex. June 9, 2003) (citing *WRT Creditors Liquidation Trust v. CIBS Oppenheimer Corp.*, 75 F. Supp. 2d 596, 605 (S.D. Tex. 1999)) ("The party moving for mandatory abstention need not show that the action can be *more timely* adjudicated in state court, but only that the matter can be timely adjudicated in state court.").

A party asserting that an action can be timely adjudicated in state court, however, must provide the court with more than a "naked assertion" of such. *In re Doctors Hosp. 1997, L.P.*, 351 BR. 813, 846 (Bankr. S.D. Tex. 2006) (citing *J.T. Thorpe Co.*, 2006 WL 23323005, at *2. The Court in *Doctors Hosp.* noted that "[i]n instances where federal courts have found that state courts could adjudicate the dispute in a timely manner, the movant introduced evidence that the suit had already been prosecuted to some extent in the state court, which had issued various orders and become familiar with the case." *In re Doctors Hosp. 1997, L.P.*, 351 B.R. at 846, n.29 (citing *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 782-83 (E.D. Tex. 2001); *J.T. Thorpe*, 2003 WL 23323005, at *3-4). In support of timely adjudication, Plaintiffs state in their motion:

> At the time this case was removed by Defendants, the state court had issued a trial date of April 24, 2006; issued a scheduling order which all parties had

>complied with (including the designation of plaintiffs' experts on January 12, 2006 and the defendants' experts on March 1, 2006); heard and denied the defendants dispositive motions for summary judgment on July 18, 2005; and the parties conducted significant discovery, both written and depositions, in advancing this case to resolution.

Pl.'s Br. Supp. Mot. to Abstain & Remand ¶ 8.  The Court finds that Plaintiffs have met their burden on demonstrating that this matter can be timely adjudicated in state court.  Plaintiffs have provided sufficient evidence to show this proceeding has been prosecuted in state court and that the state court should be familiar with the case.  Indeed, on February 21, 2006, when this proceeding was removed to this court, this matter had been litigated in state court since October 31, 2003, and had a trial date set for April 24, 2006.  The Court, therefore, finds that Plaintiffs have met the requirements of mandatory abstention.

This proceeding will be remanded to the 139th Judicial District Court of Hidalgo County, Texas.  A separate order will issue.  Plaintiffs' request for permissive abstention and equitable remand is moot.  Defendant's motion to withdraw the reference is moot.

Signed at Houston, Texas, on February 7, 2007.

_____
MARVIN ISGUR
United States Bankruptcy Judge